NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON (Cal. Bar No. 257094)
Assistant United States Attorney
Deputy Chief, OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3542
     Facsimile: (213) 894-0142
     E-mail:    ben.barron@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 18-CR-846-PSG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ANDREW MADI, | |
| Defendant. | **CURRENT TRIAL DATE:** 2/12/19<br>**PROPOSED TRIAL DATE:** 6/18/19 |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Benjamin R. Barron, and defendant Andrew Madi ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defenders Carel Ale and Kim Savo, hereby stipulate as follows:

   1.   The Information in this case was filed on December 7, 2018. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 3, 2018. The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 15, 2019.

2.   On December 21, 2018, the Court set a trial date of February 12, 2019, and a status conference date of January 28, 2019 at 10:00 a.m.

3.   Defendant has been ordered released on bond, but is presently detained pending satisfaction of the terms of the bond imposed by the Court.  The parties estimate that the trial in this matter will last approximately one week.

4.   By this stipulation, defendant moves to continue the trial date to June 18, 2019, and the status conference date to June 3, 2019 at 10:00 a.m..  This is the first request for a continuance.

5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (distribution of fentanyl resulting in death). The government has produced discovery to the defense, including subpoenaed records from multiple financial institutions and multiple internet and cellular service providers, GPS and historical cell site data obtained via search warrant, email content and related data obtained from Google via two search warrants, and voluminous data extracted from a cellular telephone of the alleged victim.  The government anticipates providing substantial additional discovery. In particular, on the date of defendant's arrest, November 30, 2018, agents executed warrants at two residences for evidence relevant to this matter, during which multiple digital devices were seized for which searches under the warrants have not yet been finalized.

b.  Defendant's lead counsel, Deputy Federal Public Defender Carel Ale, has a heavy caseload, including the following cases scheduled for trial: U.S. v. GUSTAVO DANIEL CARDENAS, CR 18-786-SJO, trial date 4/8/2019; U.S. v. DERRICK DECSHON CLARK, CR 18-281-AB, trial date 1/22/2019; U.S. v. DENNIS CHRISTOPHER DAY, CR 18-338-JAK, trial date 2/26/2019; U.S. v. CONSUELO DIAZ RODRIGUEZ, CR 18-352-GW, trial date 3/14/2019; U.S. V. MARINA ELIZABETH ESPINOZA, CR 18-630-GW, trial date 1/31/2019; U.S. v. MARINA ELIZABETH ESPINOZA, CR 18-675-GW, status conference (and trial scheduling) date 2/21/2019; U.S. v. EDGAR ESTRADA-RODRIGUEZ, ED CR 18-298-CJC, trial date 2/25/2018; U.S. v. MOISES GONZALEZ JARA, CR 18-589-AB, trial date 2/5/2019; U.S. v. HECTOR MENDEZ-MONTOYA, ED CR 18-258-JGB, trial date 4/16/2019; U.S. v. KENNETH ARTHUR MORRIS, ED CR 17-270-JAK, trial date 2/12/2019; U.S. v. ALESSANDRO TOUSANT MORTON, CR 18-242-PSG, trial date 2/5/2019; U.S. v. TRENT SCOTT TOY, CR 18-873-DSF, trial date 2/12/19.

c.  In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.   The government does not object to the continuance.

f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 12, 2019 to June 18, 2019, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 15, 2019　　　　　　　Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Benjamin R. Barron*
BENJAMIN R. BARRON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

　　　I am ANDREW MADI's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than June 18, 2019 is an informed and voluntary one.

_____　　　　_____
CAREL ALE　　　　　　　　　　　　　　　　Date
Attorney for Defendant
ANDREW MADI

　　　I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than June 18, 2019. I understand that, upon my release on bond, I will be ordered to appear

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated:    Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


_____
BENJAMIN R. BARRON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am ANDREW MADI's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 18, 2019 is an informed and voluntary one.

_____    1/11/2019
CAREL ALE                           Date
Attorney for Defendant
ANDREW MADI

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than June 18, 2019. I understand that, upon my release on bond, I will be ordered to appear

5

1  in 350 West 1st Street, Courtroom 6A, 6th Floor, Los Angeles,
2  California 90012 on June 3, 2019, at 10:00 a.m., and on June 18,
3  2019, at 9:00 a.m.

_____      01/11/19
ANDREW MADI                            Date
Defendant

6