1 NICOLA T. HANNA
United States Attorney
2 LAWRENCE S. MIDDLETON
Assistant United States Attorney
3 Chief, Criminal Division
BENJAMIN R. BARRON (Cal. Bar No. 257094)
4 Assistant United States Attorney
Deputy Chief, International Narcotics,
5 Racketeering, & Money Laundering Section
    1400 United States Courthouse
6     312 North Spring Street
    Los Angeles, California 90012
7     Telephone: (213) 894-3542
    Facsimile: (213) 894-0142
8     E-mail:    ben.barron@usdoj.gov

9 Attorneys for Plaintiff
UNITED STATES OF AMERICA

10

                    UNITED STATES DISTRICT COURT
11
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
12

| UNITED STATES OF AMERICA, | No. 18-CR-846-PSG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ANDREW MADI, | |
| Defendant. | **CURRENT TRIAL DATE:**  6/18/19<br>**PROPOSED TRIAL DATE:**  1/28/20 |

20      Plaintiff United States of America, by and through its counsel
21 of record, the United States Attorney for the Central District of
22 California and Assistant United States Attorney Benjamin R. Barron,
23 and defendant Andrew Madi ("defendant"), both individually and by and
24 through his counsel of record, Deputy Federal Public Defenders Carel
25 Ale and Kim Savo, hereby stipulate as follows:
26      1.   The Information in this case was filed on December 7, 2018.
27 Defendant first appeared before a judicial officer of the court in
28 which the charges in this case were pending on December 3, 2018.  The

1  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the

2  trial commence on or before February 15, 2019.

3      2.   On December 21, 2018, the Court set a trial date of

4  February 12, 2019, and a status conference date of January 28, 2019

5  at 10:00 a.m.  Thereafter, this Court entered an order continuing the

6  trial date to June 18, 2019, and entered related findings of

7  excludable time.

8      3.   Defendant is released on bond.  The parties estimate that

9  the trial in this matter will last approximately one week for the

10 government's case-in-chief.

11     4.   By this stipulation, defendant moves to continue the trial

12 date to January 28, 2020, and the status conference date to January

13 13, 2020 at 10:00 a.m.  This is the first request for a continuance.

14     5.   Defendant requests the continuance based upon the following

15 facts, which the parties believe demonstrate good cause to support

16 the appropriate findings under the Speedy Trial Act:

17         a.   Defendant is charged with a violation of 21 U.S.C.

18 § 841(a)(1), (b)(1)(C) (distribution of fentanyl resulting in death).

19 The government has produced discovery to the defense, including

20 subpoenaed records from multiple financial institutions and multiple

21 internet and cellular service providers, GPS and historical cell site

22 data obtained via search warrant, email content and related data

23 obtained from Google via two search warrants, and voluminous data

24 extracted from a cellular telephone of the alleged victim.  The

25 government is in the process of preparing substantial additional

26 discovery for production.  In particular, on the date of defendant's

27 arrest, November 30, 2018, agents executed warrants at two residences

28 for evidence relevant to this matter, during which multiple digital

2

1    devices were seized for which searches under the warrants that are

2    now completed.

3              b.    Defendant's lead counsel, Deputy Federal Public

4    Defender Carel Ale, has a heavy caseload, including the following

5    cases scheduled for trial or other proceedings requiring substantial

6    time and preparation: U.S. v. GUSTAVO DANIEL CARDENAS, CR 18-786-SJO,

7    Sentencing: 8/12/2019; U.S. v. OMAR ANTHONY CASTILLO, CR 18-607-AB,

8    Trial: 7/30/2019; U.S. v. DERRICK DECSHON CLARK, CR 18-281-AB,

9    Sentencing: 6/21/2019; U.S. v. DENNIS CHRISTOPHER DAY, CR 18-338-JAK,

10   Sentencing:  5/9/2019; U.S. V. MARINA ELIZABETH ESPINOZA, CR 18-630-

11   GW, Trial: 10/22/2019; U.S. v. MARINA ELIZABETH ESPINOZA, CR 18-675-

12   GW, SC: 5/23/2019; U.S. v. DANIEL JAMES GUTIERREZ, CR 19-54-TJH,

13   Trial: 4/7/2020; U.S. v. GILBERTO HERNANDEZ, CR 18-844-SVW,

14   Trial: 6/18/2019; U.S. v. VLADIMIR CORTES HERNANDEZ, CR 18-46-MFW,

15   Sentencing: 6/3/2019; U.S. v. ERIK MICHEL HINDERS, CR 18-787-ODW,

16   Trial:  7/16/2019; U.S. v. RUDOLPH ITSKOVICH, CR 19-120-JFW,

17   Sentencing: 7/1/2019; U.S. v. JAMES LEE, CR 19-58-DSF, Trial:

18   6/18/2019; U.S. v. DANIEL LUGO, CR 19-80-SVW, Trial: 7/23/2019; U.S.

19   v. HECTOR MENDEZ-MONTOYA, ED CR 18-258-JGB, Trial: 7/16/2019; U.S. v.

20   JOSE NAVARRO-PEREZ, CR 19-60-JAK; Trial: 7/16/2019; U.S. v. ANH PHAM,

21   CR 19-111-JFW, Sentencing: 5/20/2019; U.S. v. JUAN JOSE ROBLES, CR

22   19-94-GW, Trial: 8/13/2019; U.S. v. KENNETH THOMAS, CR 10-12-CAS,

23   supervised release hearing: 5/13/2019; U.S. v. TRENT SCOTT TOY, CR

24   18-873-DSF, Sentencing: 6/3/2019; U.S. v. KENNETH MORRIS, CR 17-0270-

25   JAK, Trial: 09/17/19.

26             c.    In light of the foregoing, counsel for defendant also

27   represents that additional time is necessary to confer with

28   defendant, conduct and complete an independent investigation of the

1  case, conduct and complete additional legal research including for

2  potential pre-trial motions, review the discovery and potential

3  evidence in the case, and prepare for trial in the event that a

4  pretrial resolution does not occur.  Defense counsel represents that

5  failure to grant the continuance would deny them reasonable time

6  necessary for effective preparation, taking into account the exercise

7  of due diligence.

8           d.    Defendant believes that failure to grant the

9  continuance will deny him continuity of counsel and adequate

10 representation.

11          e.    The government does not object to the continuance.

12          f.    The requested continuance is not based on congestion

13 of the Court's calendar, lack of diligent preparation on the part of

14 the attorney for the government or the defense, or failure on the

15 part of the attorney for the Government to obtain available

16 witnesses.

17    6.    For purposes of computing the date under the Speedy Trial

18 Act by which defendant's trial must commence, the parties agree that

19 the time period of June 18, 2019, to January 28, 2020, inclusive,

20 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

21 (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a

22 continuance granted by the Court at defendant's request, without

23 government objection, on the basis of the Court's finding that: (i)

24 the ends of justice served by the continuance outweigh the best

25 interest of the public and defendant in a speedy trial; (ii) failure

26 to grant the continuance would be likely to make a continuation of

27 the proceeding impossible, or result in a miscarriage of justice; and

28 (iii) failure to grant the continuance would unreasonably deny

4

1   defendant continuity of counsel and would deny defense counsel the

2   reasonable time necessary for effective preparation, taking into

3   account the exercise of due diligence.

4        7.    Nothing in this stipulation shall preclude a finding that

5   other provisions of the Speedy Trial Act dictate that additional time

6   periods be excluded from the period within which trial must commence.

7   Moreover, the same provisions and/or other provisions of the Speedy

8   Trial Act may in the future authorize the exclusion of additional

9   time periods from the period within which trial must commence.

10       IT IS SO STIPULATED.

11   Dated: May 14, 2019              Respectfully submitted,

12                                    NICOLA T. HANNA
                                      United States Attorney
13
                                      LAWRENCE S. MIDDLETON
14                                    Assistant United States Attorney
                                      Chief, Criminal Division
15

16                                    */s/ BenjMInaR. Barron*
                                      BENJAMIN R. BARRON
17                                    Assistant United States Attorney

18                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA
19

20       I am ANDREW MADI's attorney.  I have carefully discussed every

21   part of this stipulation and the continuance of the trial date with

22   my client. I have fully informed my client of his Speedy Trial

23   rights.  To my knowledge, my client understands those rights and

24   agrees to waive them.  I believe that my client's decision to give up

25   ///

26

27

28

5

1  the right to be brought to trial earlier than January 28, 2020 is an

2  informed and voluntary one.

3

4  _____          5/13/2019
   CAREL ALE                                  _____
   Attorney for Defendant                     Date
5  ANDREW MADI

6

7       I have read this stipulation and have carefully discussed it

8  with my attorney.  I understand my Speedy Trial rights.  I

9  voluntarily agree to the continuance of the trial date, and give up

10 my right to be brought to trial earlier than June 18, 2019. I

11 understand that, upon my release on bond, I will be ordered to appear

12 in 350 West 1st Street, Courtroom 6A, 6th Floor, Los Angeles,

13 California 90012 on January 13, 2019, at 10:00 a.m., and on January

14 28, 2020, at 9:00 a.m.

15

16 _____          5/12/2019
   ANDREW MADI                                _____
   Defendant                                  Date
17

18

19

20

21

22

23

24

25

26

27

28

6