AMY M. KARLIN (Bar No. 167060)
Interim Federal Public Defender
CAREL ALÉ (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
Andrew Madi

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW MADI,<br><br>Defendant. | Case No. 18-846-PSG<br><br>**MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR BAD ACTS UNDER FEDERAL RULES OF EVIDENCE 403 & 404(B)**<br><br>Pretrial Conference:<br>April 27, 2020 at 9:00 a.m.<br>Trial Date: May 12, 2020 |

Defendant Andrew Madi, by and through his attorney of record, Deputy Federal Public Defender Carel Alé, hereby moves *in limine* to Exclude Evidence of Prior Bad Acts Under Federal Rules of Evidence 403 and 404(b). This motion is based on the following Memorandum of Points and Authorities and all records and evidence in this case.

                                                  Respectfully submitted,

                                                  AMY M. KARLIN
                                                  Interim Federal Public Defender

DATED: March 27, 2020            By  */s/Carel Alé*
                                                  CAREL ALÉ
                                                  Deputy Federal Public Defender
                                                  Attorney for ANDREW MADI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Through this motion, the defense seeks to exclude evidence of Mr. Madi's prior bad acts pursuant to Federal Rules of Evidence 404(b), 403.

## II. STATEMENT OF FACTS

Mr. Madi is charged in a one-count Indictment with a violation of 21 U.S.C. § 841(a)(1),(b)(1)(C), distribution of fentanyl resulting in death or serious bodily injury. Dkt. 13. The charges stem from the death of the July 2018, of Alexander Gertsch. The government alleges that Mr. Madi sold a controlled substance, namely fentanyl, on July 3, 2018, to Mr. Gertsch who then used it and died as a result. *Id.*

The government investigated Mr. Madi in the summer and fall of 2018. Part of the government's investigation included surveilling Mr. Madi.

## III. ARGUMENT

### A. Legal Standard

As a general rule, evidence of other crimes, wrongs, or acts is not admissible to show that a defendant acted in conformity with this behavior when he allegedly committed the offense with which he is now charged. *See* Fed. R. Evid. 404(b). However, Federal Rule of Evidence 404(b) permits the introduction of evidence of other crimes, wrongs, or acts if the prior bad acts are relevant on some issue in the current prosecution such as proof of motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

In the Ninth Circuit, a four-part test is employed to determine the admissibility of evidence pursuant to Rule 404(b). Evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4)(in certain cases) the act is similar to the offense charged. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002).

1    The burden is on the prosecution to prove that the evidence meets all of the
2 above requirements.  *United States v. Arambula-Perez*, 987 F.2d 599 (9th Cir. 1993).
3 Furthermore, the burden is on the prosecution to, "articulate precisely the evidential
4 hypothesis by which a facto of consequence may be inferred from the other acts
5 evidence."  *United States v. Mehrmanesh*, 689 F.2d 822 (9th Cir. 1982).
6    In *United States v. Martin*, 796 D.3d 1101, 1105 (9th Cir. 2015), the court
7 underscored the necessity that the prior bad acts must be relevant to some issue of the
8 prosecution, ". . . [w]hen bad acts are not relevant, they can only be viewed as being
9 presented to inflame prejudice in the trier of fact, in which case they are at odds with
10 our fundamental premises on the need for a fair trial."
11    Finally, if the prosecution proves the relevance of the evidence, it is admissible
12 only after the Government demonstrates to the trial court that, on balance, its probative
13 value is not substantially outweighed by the danger of unfair prejudice to the defendant.
14 Fed. R. Evid. 403. ("The court may exclude relevant evidence if its probative value is
15 substantially outweighed by a danger of one or more of the following: unfair prejudice,
16 confusing the issues, misleading the jury, undue delay, wasting time, or needlessly
17 presenting cumulative evidence.").

**B.    The Evidence Does not Prove a Material Point - Motive, Intent, Knowledge, Absence of Mistake, and/or Lack of Accident.**

20    The government has not identified any prior bad acts that it intends to proffer at
21 trial. Nevertheless, should the government attempt to proffer any bad acts, specifically
22 any bad acts observed through the government's surveillance of Mr. Madi, such
23 evidence should be excluded. Any prior bad acts are precluded by 404(b) and the
24 government must, if it intends to introduce such evidence, articulate the exception that
25 justifies its admission. Based on the discovery, the defense files this motion *in limime*
26 to exclude consideration of any prior bad acts or arrests.
27 //
28

`Case 2:18-cr-00846-PSG   Document 47   Filed 03/27/20   Page 4 of 4   Page ID #:246`

## IV.   CONCLUSION

For the reasons stated above, evidence of Mr. Madi prior bad acts or arrests should be excluded pursuant to Rule 403, and Rule 404(b).

Respectfully submitted,

AMY M. KARLIN
Interim Federal Public Defender

DATED: March 27, 2020     By  */s/ Carel Alé*

CAREL ALÉ
Deputy Federal Public Defender
Attorney for CAREL ALÉ

4