NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JEHAN M. PERNAS (Cal. Bar No. 320548)
Assistant United States Attorney
International Narcotics, Money
Laundering, and Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0319
    Facsimile: (213) 894-0142
    E-mail:   jehan.pernas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>          v.<br><br>ANDREW MADI,<br><br>     Defendant. | No. 18-CR-846-PSG<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**  5/12/20<br>**PROPOSED TRIAL DATE:**  10/6/20 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jehan M. Pernas, and defendant Andrew Madi ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defenders Carel Ale and Kim Savo, hereby stipulate as follows:

    1.   The Information in this case was filed on December 7, 2018. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 3, 2018.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 15, 2019.

2. On December 21, 2018, the Court set a trial date of February 12, 2019, and a status conference date of January 28, 2019 at 10:00 a.m.

3. Defendant is released on bond. The parties estimate that the trial in this matter will last approximately one week for the government's case-in-chief.

4. The Court has previously continued the trial date in this case from February 20, 2019 to May 12, 2020, and found the period from February 20, 2019 to May 12, 2020 to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to October 6, 2020, and the status conference date to September 21, 2020 at 10:00 a.m. This is the fourth request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (distribution of fentanyl resulting in death). The government has produced discovery to the defense, including subpoenaed records from multiple financial institutions and multiple internet and cellular service providers, GPS and historical cell site data obtained via search warrant, email content and related data obtained from Google via two search warrants, and voluminous data extracted from a cellular telephone of the alleged victim. The government is in the process of preparing substantial additional

discovery for production.  In particular, on the date of defendant's arrest, November 30, 2018, agents executed warrants at two residences for evidence relevant to this matter, during which multiple digital devices were seized for which searches under the warrants that are now completed.

b.    Defendant's lead counsel, Deputy Federal Public Defender Carel Ale, has the following cases scheduled for trial requiring substantial time and preparation: United States v. Marina Espinoza, 18-CR-630-GW, with trial scheduled for April 14, 2020; United States v. Navarro-Perea, 19-CR-60-JAK, with trial scheduled for May 12, 2020; United States v. Teresita-Espinoza, 19-CR-361-CJC, with trial scheduled for June 9, 2020; United States v. Glenn Earl Lassiter, Jr. 19-CR-552-DMG, trial scheduled for June 16, 2020; United States v. Joe Warren, 19-CR-662-SVW, trial scheduled for June 23, 2020; United States v. Jazzmon Russel, 17-CR-553-RGK, trial scheduled for June 30, 2020; United States v. Daniel Gutierrez, 19-CR-54-TJH, trial scheduled for August 18, 2020; and United States v. Kenneth Morris, ED CR 17-270-JAK, trial scheduled for December 8, 2020.  Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

c.    On March 13, 2020, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (March 13, 2020).  The same day, the Court entered another General Order imposing health- and travel-related limitations on access to Court facilities.  C.D. Cal. General Order No. 20-03, In

3

Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020).  On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all C.D. Cal. courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions.  C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020).

      d.    These orders were imposed based on both (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  See General Order 20-02, at 1.  The Chief Judge has recognized that, for at least eight weeks, all gatherings should be limited to no more than 10 people, and public-health departments have recommended that elderly and other vulnerable people avoid person-to-person contact altogether.  See Order of the Chief Judge No. 20-042, at 1-2.

      e.    On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions.  California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020).  Subject to similarly limited exceptions, all travel is prohibited.  Safer At Home ¶ 4.  Non-essential businesses requiring in-person attendance by workers have been ordered to cease operations.  Id. ¶ 2.  All schools in the Los Angeles Unified School District are closed through at least May 1, 2020.  These restrictions will remain in place until at least April 19, 2020.

f.    The Federal Bureau of Prisons has likewise adopted intense procedures to protect federal inmates.  This includes suspending "drop-in" legal visits for 30 days and restricting inmate movement between facilities.  See Federal Bureau of Prisons COVID-19 Action Plan: Agency-Wide Modified Operations (March 13, 2019), available at https://www.bop.gov/resources/news/20200313_covid-19.jsp.

g.    As these orders reflect, the "novel coronavirus pandemic is a global emergency that is unprecedented in modern history."  Id. at 1.  As data from both the Centers for Disease Control and the California Department of Public Health reflect, the virus is spreading through the United States community at an alarming rate.  See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), available at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html; Coronavirus Disease 2019 (COVID-19), California Department of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx.  The death toll, across the world, is staggering.

h.    Failure to continue this case will likely make its completion impossible due to public-health risks and concerns.  As the California governor, the Los Angeles mayor, and this Court's own General Orders have recognized, we are in the midst of a grave public-health emergency requiring people to take extreme measures to limit contact with one another.  In addition to concerns for prospective jurors' health and the ability of the Court to obtain-- and maintain--an adequate number of jurors, an ends-of-justice delay is particularly apt because:

- The closure of Los Angeles's public schools will require a significant number of jurors to be unavailable to handle child-care responsibilities.

- It will be almost impossible for jurors--particularly jurors over 65--to maintain adequate social distance during jury selection, trial, and deliberations. Indeed, to leave their homes such jurors would violate the recommendations of the Centers for Disease Control and multiple other public-health authorities.

- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible.  Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control.

i.   In addition, due to the restrictions imposed by current public-health concerns--particularly given the complexity of this case--it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits.  Under these unusual and emergent circumstances, denial of a continuance is likely to deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

j.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential

evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

k.  Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

l.  The government does not object to the continuance.

m.  The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 12, 2020, to October 6, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 2, 2020            Respectfully submitted,

                                NICOLA T. HANNA
                                United States Attorney

                                BRANDON D. FOX
                                Assistant United States Attorney
                                Chief, Criminal Division

                                 /s/
                                JEHAN M. PERNAS
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

1       I am ANDREW MADI's attorney.  I have carefully discussed every

2   part of this stipulation and the continuance of the trial date with

3   my client. I have fully informed my client of his Speedy Trial

4   rights.  To my knowledge, my client understands those rights and

5   agrees to waive them.  I believe that my client's decision to give up

6   the right to be brought to trial earlier than October 6, 2020 is an

7   informed and voluntary one.

8   _____          4/4/2020

9   CAREL ALE                                  _____
    Attorney for Defendant                     Date

10  ANDREW MADI

11

12      I have read this stipulation and have carefully discussed it

13  with my attorney.  I understand my Speedy Trial rights.  I

14  voluntarily agree to the continuance of the trial date, and give up

15  my right to be brought to trial earlier than October 6, 2020. I

16  understand that, upon my release on bond, I will be ordered to appear

17  in 350 West 1st Street, Courtroom 6A, 6th Floor, Los Angeles,

18  California 90012 on September 21, 2020, at 10:00 a.m., and on October

19  6, 2020, at 9:00 a.m.

20  _____          4/3/2020

21  ANDREW MADI                                _____
    Defendant                                  Date

22

23

24

25

26

27

28

9