NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JEHAN M. PERNAS (Cal. Bar No. 320548)
Assistant United States Attorney
International Narcotics, Money
Laundering, and Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0319
    Facsimile: (213) 894-0142
    E-mail:    jehan.pernas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>ANDREW MADI,<br><br>      Defendant. | No. 18-CR-846-PSG<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 10/6/20<br>**PROPOSED TRIAL DATE:** 3/30/21 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jehan M. Pernas, and defendant Andrew Madi ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defenders Carel Ale and Kim Savo, hereby stipulate as follows:

    1.   The Information in this case was filed on December 7, 2018. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 3, 2018.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 15, 2019.

2.   On December 21, 2018, the Court set a trial date of February 12, 2019, and a status conference date of January 28, 2019 at 10:00 a.m.

3.   Defendant is released on bond.  The parties estimate that the trial in this matter will last approximately one week for the government's case-in-chief.

4.   The Court has previously continued the trial date in this case from February 20, 2019 to October 6, 2020, and found the period from February 20, 2019 to October 6, 2020 to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5.   By this stipulation, defendant moves to continue the trial date to March 30, 2021, and the status conference date to March 16, 2021 at 10:00 a.m.  This is the fifth request for a continuance.

6.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (distribution of fentanyl resulting in death). The government has produced discovery to the defense, including subpoenaed records from multiple financial institutions and multiple internet and cellular service providers, GPS and historical cell site data obtained via search warrant, email content and related data obtained from Google via two search warrants, and voluminous data extracted from a cellular telephone of the alleged victim.  The government is in the process of preparing substantial additional

discovery for production.  In particular, on the date of defendant's arrest, November 30, 2018, agents executed warrants at two residences for evidence relevant to this matter, during which multiple digital devices were seized for which searches under the warrants that are now completed.

   b. On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).  The Court most recently renewed that suspension, until a "date to be determined," on August 6, 2020.  C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Aug. 6, 2020).

   c. Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities.  C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020).  On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions.  C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020).  On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings.  C.D. Cal. Orders of the Chief Judge Nos. 20-043 (March 29, 2020) and 20-

044 (March 31, 2020).  The Court's most recent General Order maintains court facilities' general closure to the public; however, it allows in-person criminal hearings for defendants who do not consent to remote appearance, and it allows up to 10 members of the public to attend.  General Order No. 20-09, at 2-3 (August 6, 2020).

d.   These orders were imposed based on both (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  See General Order 20-02, at 1.  The Chief Judge has recognized that, for at least eight weeks, all gatherings should be limited to no more than 10 people, and public-health departments have recommended that elderly and other vulnerable people avoid person-to-person contact altogether.  See Order of the Chief Judge No. 20-042, at 1-2.

e.   On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020).  Subject to similarly limited exceptions, all travel is prohibited.  Safer At Home ¶ 4.  Non-essential businesses requiring in-person attendance by workers have been ordered to cease operations.  Id. ¶ 2.  All schools in the Los Angeles Unified School District remain closed to in-person classes.

f.   The Court's most recent General Order concluded, based on these facts, that "in order to protect public health, and in order to reduce the size of public gatherings and reduce unnecessary

travel," it was necessary to suspend criminal jury trials until further notice.  General Order 20-09, at 1 (August 6, 2020).  The Court concluded that, given the increased rates of COVID-19-related hospitalization and death over the preceding 30 days, "holding jury trials substantially increases the chances of transmitting the Coronavirus," and it would thus "place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk."  Id. at 3.  The Court concluded that suspending jury trials thus served the ends of justice and outweighed the interests of the public and defendants in a speedy trial.  Id.

g.   The Central District of California thus has not adopted any protocols for safely conducting jury trials.  See id.

h.   In addition, due to the restrictions imposed by current public-health concerns--particularly given the complexity of this case--it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits.  Under these unusual and emergent circumstances, denial of a continuance is likely to deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

i.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny them reasonable time

5

necessary for effective preparation, taking into account the exercise of due diligence.

j. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

k. The government does not object to the continuance.

l. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 6, 2020, to March 30, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 18, 2020          Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  BRANDON D. FOX
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                  /s/
                                  _____
                                  JEHAN M. PERNAS
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

I am ANDREW MADI's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than March 30, 2021 is an informed and voluntary one.

_____    9/18/2020
CAREL ALE                          Date
Attorney for Defendant
ANDREW MADI

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 6, 2020. I understand that, upon my release on bond, I will be ordered to appear in 350 West 1st Street, Courtroom 6A, 6th Floor, Los Angeles, California 90012 on March 16, 2021, at 10:00 a.m., and on March 30, 2021, at 9:00 a.m.

_____    9/18/2020
ANDREW M.                          Date
Defendant