TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JEHAN M. PERNAS (Cal. Bar No. 320548)
Assistant United States Attorney
International Narcotics, Money
Laundering, and Racketeering Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0319
    Facsimile: (213) 894-0141
    E-mail:   Jehan.Pernas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

           FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 18-CR-846-PSG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ANDREW MADI, | |
| Defendant. | **CURRENT TRIAL DATE:**   3/30/21 **PROPOSED TRIAL DATE:**   4/12/22 |

        Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorney Jehan M. Pernas,

and defendant Andrew Madi ("defendant"), both individually and by and

through his counsel of record, Deputy Federal Public Defenders Carel

Ale and Kim Savo, hereby stipulate as follows:

        1.    The Information in this case was filed on December 7, 2018.

Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on December 3, 2018.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 15, 2019.

2.   On December 21, 2018, the Court set a trial date of February 12, 2019, and a status conference date of January 28, 2019 at 10:00 a.m.

3.   Defendant is released on bond.  The parties estimate that the trial in this matter will last approximately one week for the government's case-in-chief.

4.   The Court has previously continued the trial date in this case from February 20, 2019 to March 30, 2021, and found the period from February 20, 2019 to March 30, 2021 to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5.   By this stipulation, defendant moves to continue the trial date to April 12, 2022, and the status conference date to March 28, 2022 at 10:00 a.m.  This is the sixth request for a continuance.

6.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (distribution of fentanyl resulting in death). The government has produced discovery to the defense, including subpoenaed records from multiple financial institutions and multiple internet and cellular service providers, GPS and historical cell site data obtained via search warrant, email content and related data obtained from Google via two search warrants, and voluminous data extracted from a cellular telephone of the alleged victim.  The government is in the process of preparing substantial additional

discovery for production.  In particular, on the date of defendant's arrest, November 30, 2018, agents executed warrants at two residences for evidence relevant to this matter, during which multiple digital devices were seized for which searches under the warrants that are now completed.

b.   Defendant's lead counsel, Deputy Federal Public Defender Carel Ale, has the following cases scheduled for trial requiring substantial time and preparation: United States v. David Demulle, CR 15-00141-ODW, with trial scheduled for March 30, 2021; United States v. William Acosta, CR 20-00389-AB, with trial scheduled for April 6, 2021; United States v. Ruben Loera Hernandez, CR 20-00574-DSF, with trial scheduled for April 13, 2021; United States v. Nita Paddit Palma, CR 20-536-DMG, trial scheduled for April 20, 2021; United States v. Jazzmon Russell, CR 17-533-RGK, trial scheduled for April 27, 2021; United States v. Jazzmon Russel, 17-CR-553-RGK, trial scheduled for June 30, 2020; United States v. Howard Spencer, CR 20-00442-MWF, trial scheduled for May 4, 2021; United States v. Remy Navar, CR 20-374-RGK, trial scheduled for June 8, 2021; United States v. Micah Tillmon, CR 20-289-MWF, trial scheduled for June 8, 2021; United States v. Jose Angel Oquendo, CR 20-179-GW, trial scheduled for June 8, 2021; United States v. Christine Luna, CR 19-366-AB, trial scheduled for July 27, 2021; and United States v. Kenneth Morris, CR 17-270-JAK, trial scheduled for August 10, 2021. Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

c.   Defendant's second counsel, Deputy Federal Public Defender Kim Savo, has the following cases scheduled for trial

requiring substantial time and preparation: <u>U.S. v. Mease</u>, CR 20-56(A)-JFW, trial scheduled for April 6, 2021; <u>U.S. v. Brewer</u>, CR 16-448-JAK, trial scheduled for April 13, 2021; <u>U.S. v. Garnett</u>, CR 20-0005-PSG, trial scheduled for April 20, 2021; <u>U.S. v. Cardenas</u>, CR 19-510-CAS, trial scheduled for April 27, 2021; <u>U.S. v. Miranda</u>, 19-55-MWF, trial scheduled for May 18, 2021, estimated 2 weeks, likely to go forward to trial, likely to be continued to March 1, 2022; <u>U.S. v. Gonzalez</u>, CR 20-348-SVW, trial scheduled for June 15, 2021; <u>U.S. v. Godfree</u>, CR 19-242-JAK, trial scheduled for June 22, 2021; <u>U.S. v. Roberts</u>, CR 20-554-AB, trial scheduled for July 20, 2021; <u>U.S. v. Harrell</u>, CR 17-404(A)-AB, trial scheduled for August 9, 2021; <u>U.S. v. Reyes</u>, CR 20-57-FMO, 21 U.S.C. 846, trial scheduled for September 28, 2021; and <u>U.S. v. Sanchez</u>, CR 20-00007-RGK, trial scheduled for October 12, 2021.  Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

       d.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  e. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  7. Defendant also requests the continuance based upon the following facts related to the COVID-19 pandemic, which the parties also believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

  a. On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).  That suspension remains in place "[u]ntil further notice."  C.D. Cal. Notice from the Clerk, "Amended Expiration of Continuity of Operations Plan," http://www.cacd.uscourts.gov/news/amended-expiration-continuity-operations-plan (Feb. 2, 2021) ("COOP Expiration Notice").

  b. Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities.  C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020).  On March 19, 2020, by Order of the Chief Judge, the Court implemented its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions.  C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020).  On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and

telephonic hearings and suspending all grand-jury proceedings.  C.D.
Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044
(Mar. 31, 2020); see C.D. Cal. Order of the Chief Judge No. 20-186
(December 17, 2020) ("extend[ing] all findings and authorizations in
Order of the Chief Judge No. 20-043 for an additional 90 days unless
earlier terminated").

       c.  On August 6 and September 14, 2020, the Court slightly
relaxed its restrictions to permit in-person criminal hearings for
defendants who do not consent to remote appearance and to allow up to
10 members of the public to attend.  General Order No. 20-09, at 2-3;
C.D. Cal. General Order No. 20-12, In Re: Coronavirus Public
Emergency Order Concerning Reopening of the Southern Division, at 2
(Sept. 14, 2020).  However, on December 7, 2020, following "an
unprecedented surge of COVID-19 cases, hospitalizations, and test
positivity rates in the Central District," the Court reinstituted its
COOP Plan.  Order of the Chief Judge No. 20-179, at 1-2.  The COOP
Plan suspended all grand jury proceedings and once again closed court
facilities to the public except for hearings on certain criminal duty
matters.  Order of the Chief Judge No. 20-179, at 2-3.  On January 6,
2021, the suspension was extended through and including January 29,
2021.  Order of the Chief Judge No. 21-002, at 2.  The COOP Plan
expired on January 29, 2021, and the Court permitted the resumption
of certain in-person hearings, but not jury trials, beginning on
February 1, 2021.  See COOP Expiration Notice.

       d.  The Court's orders were imposed based on (1) the
California Governor's declaration of a public-health emergency in
response to the spread of COVID-19, as well as (2) the Centers for
Disease Control's advice regarding reducing the possibility of

exposure to the virus and slowing the spread of the disease.  See, e.g., General Order 20-02, at 1.  The Chief Judge has recognized that, during the COVID-19 crisis, gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact.  See Order of the Chief Judge No. 20-042, at 1-2.  The Court has more broadly recognized CDC guidance advising "precautions to reduce the possibility of exposure to the virus and slow the spread of the disease[.]"  General Order 20-09, at 1.

e.   Local and state governments have adopted similar policies.  On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions.  California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020).  Subject to similarly limited exceptions, all travel was prohibited.  Safer At Home ¶ 4.  Non-essential businesses requiring in-person attendance by workers were ordered to cease operations.  Id. ¶ 2.  All schools in the Los Angeles Unified School District remain closed to in-person classes.

f.   On December 3, 2020, the Acting State Public Health Officer of the State of California issued a Regional Stay at Home Order based on the "unprecedented surge in the level of community spread of COVID-19."  California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020).  That order went into effect on December 6, 2020 and restricted business and social activities, including by suspending outdoor restaurant operations, in California regions for which ICU bed capacity is less than 15%.  As the Chief Judge's

December 7, 2020 Order reactivating the COOP Plan recognized, ICU availability in the Southern California region, which includes the entire Central District, fell below 15% as soon as the Regional Stay at Home Order went into effect.  Order of the Chief Judge No. 20-179, at 2.  When the COOP Plan was extended on January 6, 2021, ICU availability in the Southern California region was at 0.0%.  Order of the Chief Judge 21-002, at 1.  Although the Regional Stay at Home Order was lifted on January 25, 2021, ICU availability has increased, and case numbers have declined, COVID-19 remains extremely dangerous, and California counties remain subject to various restrictions, depending on their tier.  See "Blueprint for a Safer Economy," https://covid19.ca.gov/safer-economy/ (last visited March, 2021).

g.   As these measures reflect, the coronavirus pandemic is a global emergency that is unprecedented in modern history.  As data from both the Centers for Disease Control and the California Department of Public Health reflect, the virus has spread through the United States community at an alarming rate.  See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), available at https://www.cdc.gov/ coronavirus/2019-ncov/cases-updates/cases-in-us.html; Coronavirus Disease 2019 (COVID-19), California Department of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/ DCDC/Pages/Immunization/ncov2019.aspx.  The death toll, across the world, is staggering.

h.   Based on these facts, the Court's August 2020 order concluded that it was necessary to suspend criminal jury trials until further notice "in order to protect public health, and in order to reduce the size of public gatherings and reduce unnecessary travel."

General Order 20-09, at 1.  Given the increased rates of COVID-19-related hospitalization and death over the 30 days preceding the August 2020 order, the Court found that "holding jury trials substantially increases the chances of transmitting the Coronavirus," and it would thus "place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk." Id. at 3.  The Court concluded that suspending jury trials thus served the ends of justice and outweighed the interests of the public and defendants in a speedy trial.  Id.  The Central District of California has not yet devised and adopted protocols for safely conducting jury trials.

8.  The government does not object to the request for a continuance, and the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

9.  Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 30, 2021, to April 12, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance

1   would unreasonably deny defendant continuity of counsel and would

2   deny defense counsel the reasonable time necessary for effective

3   preparation, taking into account the exercise of due diligence.

4        10.   Nothing in this stipulation shall preclude a finding that

5   other provisions of the Speedy Trial Act dictate that additional time

6   periods be excluded from the period within which trial must commence.

7   Moreover, the same provisions and/or other provisions of the Speedy

8   Trial Act may in the future authorize the exclusion of additional

9   time periods from the period within which trial must commence.

10       IT IS SO STIPULATED.

11   Dated: March 11, 2021          Respectfully submitted,

12                                  TRACY L. WILKISON
                                    Acting United States Attorney
13
                                    BRANDON D. FOX
14                                  Assistant United States Attorney
                                    Chief, Criminal Division
15

16                                   */s/*
                                    _____
17                                  JEHAN M. PERNAS
                                    Assistant United States Attorney
18
                                    Attorneys for Plaintiff
19                                  UNITED STATES OF AMERICA

20

21

22

23

24

25

26

27

28

1    I am ANDREW MADI's attorney.  I have carefully discussed every

2  part of this stipulation and the continuance of the trial date with

3  my client. I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than April 12, 2022 is an

7  informed and voluntary one.

8

9  CAREL ALE                                          3/11/2021
   Attorney for Defendant                             Date
10  ANDREW MADI

11

12    I have read this stipulation and have carefully discussed it

13  with my attorney.  I understand my Speedy Trial rights.  I

14  voluntarily agree to the continuance of the trial date, and give up

15  my right to be brought to trial earlier than March 30, 2021. I

16  understand that I will be ordered to appear in 350 West 1st Street,

17  Courtroom 6A, 6th Floor, Los Angeles, California 90012 on March 28,

18  2022, at 10:00 a.m., and on April 12, 2022, at 9:00 a.m.

19                                                     3/11/2021

20  ANDREW MADI                                        Date
    Defendant

21

22

23

24

25

26

27

28